# EXHIBIT A

APEX TRIAL LAW
A Professional Corporation
Ryan M. Ferrell, Bar No. 258037
rferrell@apextrial.com
Thomas W. Kohler, Bar No. 312552
tkohler@apextrial.com
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Tel: (949) 438-0033
Fax: (949) 299-0133

Attorneys for Plaintiff and the Class

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 19 2018

BY ALMA VALLEJO GARCIA, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| BARBARA MORENO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PINNACLE FOODS GROUP, LLC and DOES 1-25, Inclusive,<br><br>Defendants. | Case No.: CIVDS1827269<br><br>**CLASS ACTION COMPLAINT** |

### I.  INTRODUCTION

Pinnacle Foods Group, LLC ("Defendant" or "Pinnacle") manufactures, markets, and sells various food products, including All Natural Log Cabin Syrup ("product"). Defendant prominently labels the All Natural Log Cabin Syrup as "All Natural." However, the product contains synthetic ingredients including but not limited to Xanthan Gum. By so doing, Defendant is able to deceive consumers, including Plaintiff, regarding the health claims made by Defendant.

Defendant's misrepresentations regarding the product were designed to, and did, deceive Plaintiff and others similarly situated (collectively the "Class") with regard to the ingredients of the product. Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the product but for Defendant's misrepresentations.

- 1 -
CLASS ACTION COMPLAINT

Plaintiff brings this class action lawsuit to enjoin the ongoing deception of thousands of consumers by Defendant, and to recover the money taken by this unlawful practice.

## THE PARTIES

### A. Plaintiff.

1. Plaintiff is, and at all times relevant hereto, was an individual residing in San Bernardino County, California. Plaintiff purchased the product last year in San Bernardino County, California. Prior to purchasing Defendant's product, Plaintiff reviewed and relied upon Defendant's advertising and ingredients as detailed above. Plaintiff relied on Defendant's representations regarding the ingredients of Defendant's product, as detailed herein, and but for those representations, Plaintiff would not have purchased or paid as much for the product.

### B. Defendant.

Plaintiff is informed and believes, and upon such information and belief alleges:

2. Defendant, Pinnacle Foods Group, LLC ("Pinnacle" or "Defendant") is a company organized and existing under the laws of the state of Delaware, with a principal place of business located at 399 Jefferson Road, Parsippany NJ 07054-3707. Defendant offers the product for sale through various channels, including the internet and retailers throughout the nation, including the State of California. Defendant, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Defendant is the owner and distributor of the product and is the company that created and/or authorized the false, misleading, and deceptive advertisements and packaging for the product.

3. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 25, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

4. At all times mentioned herein, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership, and common enterprise, and acted within the course and scope

of, and in pursuance of, said joint venture, partnership, and common enterprise.

5. At all times mentioned herein, the acts and omissions of Defendants, and each of them, contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as alleged herein.

6. At all times mentioned herein, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times mentioned herein, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as alleged herein.

### III.   JURISDICTION AND VENUE

7. This Court has jurisdiction over all causes of action asserted herein.

8. Venue is proper in this Court because Plaintiff purchased the product in this County and because Defendant has received substantial compensation from sales in this County. Specifically, Defendant knowingly engages in activities directed at consumers in this County, and Defendant obtains substantial benefits from its scheme perpetrated in this County. Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code Section 1780(d) and is attached hereto as Exhibit One.

9. Defendant and other out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

### IV.   FACTS

10. Defendant manufactures, markets, and sells the product. The product is marketed as healthy. The product is prominently labeled as an "All Natural" product. Nowhere on the product or in the ingredient list does Defendant explain that it contains artificial or synthetic ingredients, but instead relies on consumer ignorance of its ingredients to hide the artificial, synthetic or highly processed nature of its ingredients.

11. The Food and Drug Administration ("FDA") prohibits the use of the term natural on product labels for products that contain added color, synthetic substances, and flavors. Additionally, the FDA contemplates the meaning of the term "natural" to meaning that nothing artificial or synthetic.

12. Xanthan Gum is a synthetic thickener that is commercially manufactured by fermenting bacteria with a carbohydrate (often GMO corn syrup), which is then sterilized and dried with isopropyl

- 3 -
CLASS ACTION COMPLAINT

11

alcohol or ethanol before being pressed and ground for distribution. *7 C.F.R. 205.605(b) identifies Xanthan Gum as a synthetic substance.* By definition, an "All Natural" product cannot contain synthetic ingredients.

13. Accurate labeling is required in order to help consumers make informed choices and not be misled. As detailed herein, Defendant has made, and continues to make, false and deceptive claims in violation of federal and California laws that govern labeling claims.

14. California and federal laws are identical and regulate the labeling of food. The Federal Food Drug & Cosmetic Act ("FDCA") was adopted by California through the Sherman Food Drug & Cosmetic Law, California Health & Safety Code § 109875, et seq. ("Sherman Law"). Under FDCA 403(a), food is "misbranded" when "its labeling is false or misleading in any particular," and/or if it does not contain required information on its labeling. 21 U.S.C. § 343(a).

15. According to the FDCA, if any claim made on the labeling of a product is false or misleading, the food product is misbranded, and no other labeling statement can cure misleading statement(s). "Misleading" is judged in reference to "the ignorant, the unthinking and the credulous who, when making a purchase, do not stop to analyze." *United States v. El-O-Pathic Pharmacy,* 192 F.2d 62, 75 (9th Cir. 1951).

16. Claiming a product to be "natural" when it contains synthetic ingredients is false, deceptive and misleading. The FDA considers such listing as "false and misleading" under section 403(a)(1) of the FDCA (21 U.S.C. 343(a)(1)) because listing in this manner does not reveal the basic nature of the food and its properties as required by 21 C.F.R. § 102.5. Despite these requirements, Defendant has made, and continues to make false and misleading representations regarding its product in violation of both federal and California laws regarding appropriate and legal labeling.

17. Under both federal and California law, Defendant's misbranded product cannot be manufactured, advertised, distributed, or sold. Defendant's deceptive and false labeling stems from its desire to label its foods with perceived healthy characteristics. Such deceptive and false labeling drives sales of the product, and did in fact deceive Plaintiff and California consumers.

18. Defendant's misrepresentations regarding the product were designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe that the product were of a

quality that they are not. Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the product but for Defendant's misrepresentations.

19. When purchasing the Product, Plaintiff and the Class were seeking a product of particular qualities, a product that contained only natural ingredients as claimed on the label and which did not contain anything synthetic.

20. Plaintiff is not alone in these purchasing preferences. As reported in Forbes Magazine, eighty-eight percent (88%) of consumers polled recently indicated they would pay more for foods perceived as natural or healthy. "All demographics [of consumers]— from Generation Z to Baby Boomers—say they would pay more" for such Product, specifically including foods with nothing artificial. Forty-one percent (41%) of consumers rated the absence of artificial flavors in food Product as "Very Important," and eighty percent (80%) of North American consumers are willing to pay a premium for foods with no artificial ingredients.[1]

21. John Compton, a Fortune 50 food and beverage industry CEO, spoke to investors at the Morgan Stanley Consumer & Retail Conference, stating, "We have talked extensively to consumers about this idea, and they come back and tell us the number one motivation for purchase is products that claim to be all natural."

22. Defendant's labeling and advertising reflects these consumer preferences —by prominently advertising the Product as "All Natural", but instead by concealing the fact that the Product contains synthetic ingredients.

23. The Product's label deceived Plaintiff and consumers into paying a price premium for a product labeled "All Natural," but that in fact contains synthetic ingredients. That product was worth less than the "All Natural" product promised by the label.

---

[1] *Consumers Want Healthy Foods--And Will Pay More For Them*, FORBES MAGAZINE (Feb. 15, 2015), https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want- healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5; last visited Mar. 9, 2018.
The Nielsen Company, Global Health and Wellness Survey, *We Are What We Eat: Healthy Eating Trends Around the World*, (Jan. 2015); https://www.nielsen.com/content/dam/nielsenglobal/eu/nielseninsights/pdfs/Nielsen%20Global%20Health%20and%20Welness%20Report%20-%20January%202015.pdf; (last visited Mar. 9, 2018)

24. Defendant sells the product for approximately $8.50 based on the preceding false advertising claims. As a result, Defendant has wrongfully taken hundreds of thousands of dollars from consumers.

25. Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of consumers by Defendant, and to recover the funds taken by this unlawful practice.

## V. CLASS ACTION ALLEGATIONS

26. Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> All persons located within the United States who purchased All Natural Log Cabin Syrup labeled as "all natural" at any time during the four years preceding the filing of this Complaint (the "Class").

27. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns and individuals bound by any prior settlement involving the product. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

28. The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the hundreds of thousands and members of the Class are numerous and geographically dispersed across California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

    a. Whether Defendant's products are labeled as "All Natural";

  b. Whether Defendant has falsely represented that the product has benefits which it does not have;

  c. Whether Defendant knew that its ingredient claims were false;

  d. Whether Defendant's conduct constitutes breach of express warranty;

  e. Whether Defendant's conduct constitutes breach of the implied warranty of fitness for a particular purpose;

  f. Whether Defendant's conduct constitutes negligent misrepresentation;

  g. Whether Defendant's conduct constitutes a violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

  h. Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*);

  i. Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*);

  j. Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages;

  k. Whether Plaintiff and Class members are entitled to restitutionary relief; and

  l. Whether Plaintiff and Class members are entitled to injunctive relief.

30. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they all relied on Defendant's representations concerning the ingredients of the product and purchased the product based on those representations.

31. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

32. Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available

methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

33. Adjudication of individual class members' claims with respect to Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

**(By Plaintiff and on Behalf of the Class Against Defendant)**

34. Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

35. During the Class Period, Defendant's misrepresented the nature and ingredients of the product to consumers through the advertising, marketing, and sale of the product.

36. Defendant's misrepresentations regarding the nature and ingredients of the product were false and misleading because the product contains synthetic ingredients and therefore is not "all natural" as advertised.

37. Defendant's misrepresentations regarding the labeling and characterization of the product were material because a reasonable consumer would attach importance to them in determining whether to purchase and consume the product.

38. Defendant's material misrepresentations regarding the product are false and made

without reasonable grounds for believing them to be true.

39. Defendant made material misrepresentations regarding the ingredients of the product with the intent to induce Plaintiff and Class members to purchase and consume the product.

40. Plaintiff and Class members reasonably relied on Defendant's material misrepresentations in choosing to purchase and consume the product.

41. As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have incurred damages in an amount to be proven at trial. Plaintiff and Class members are not seeking damages arising out of personal injuries.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

## (CAL. CIV. CODE §§ 1750, *ET SEQ.*)

**(By Plaintiff and on Behalf of the Class Against Defendant)**

42. Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

43. Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff purchased the product in reliance on Defendant's "All Natural" labeling of the product.

44. Defendant has engaged in and continues to engage in business practices in violation of California Civil Code §§ 1750, *et seq.* (the "Consumers Legal Remedies Act") by making false and unsubstantiated representations concerning the nature and ingredients of the product. These business practices are misleading and/or likely to mislead consumers and should be enjoined.

45. Defendant has engaged in deceptive acts or practices intended to result in the sale of the product in violation of Civil Code § 1770. Defendant knew and/or should have known that its representations of fact concerning the nature and ingredients of the product were material and likely to mislead the public. Defendant affirmatively misrepresented that the product had certain benefits, which they do not have.

46. Defendant's conduct alleged herein violates the Consumers Legal Remedies Act, including but not limited to, the following provisions: (1) using deceptive representations in connection

with goods or services in violation of Civil Code § 1770(a)(4); (2) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code § 1770(a)(5); and/or (3) advertising goods or services with intent not to sell them as advertised in violation of Civil Code § 1770(a)(9). As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money. Therefore, Defendant has been unjustly enriched.

47. There is no other adequate remedy at law, and Plaintiff and Class members will suffer irreparable harm unless Defendant's conduct is enjoined.

48. Plaintiff's counsel mailed to Defendant, by certified mail, return receipt requested, the written notice required by Civil Code Section 1782(a) on June 12, 2017. A Copy of the letter is attached hereto as Exhibit Two.

49. The declaration of venue required by Civil Code § 1780(d) is attached hereto as Exhibit One.

50. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the Consumers Legal Remedies Act since Defendant is still representing that their product has characteristics, uses, benefits, and abilities which are false and misleading, and have injured Plaintiff and the Class.

### THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW
### (CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)

**(By Plaintiff and on Behalf of the Class Against Defendant)**

51. Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

52. Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff purchased the product in reliance on Defendant's marketing claims as outlined herein.

53. Defendant has engaged in false advertising as it has disseminated false and/or misleading representations about the product.

54. Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading. During the Class Period, Defendant engaged in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by misrepresenting in its advertising and marketing of the product to Plaintiff, Class members, and the consuming public the ingredients of its product.

55. Each of the aforementioned representations alleged in this Complaint was false and misleading regarding the nature and ingredients of the product.

56. By disseminating and publishing these assertions in connection with the sale of the product, Defendant has engaged in and continues to engage in false advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*

57. As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money. Therefore, Defendant has been unjustly enriched. Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests restitution and restitutionary disgorgement for all sums obtained in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

58. Plaintiff seeks injunctive relief, restitution, and restitutionary disgorgement of Defendant's ill-gotten gains as specifically provided in Cal. Bus. & Prof. Code § 17535.

59. Plaintiff and Class members seek to enjoin Defendant from engaging in these wrongful practices, as alleged herein, in the future. There is no other adequate remedy at law and if an injunction is not ordered, Plaintiff and the Class will suffer irreparable harm and/or injury.

### FOURTH CAUSE OF ACTION

### UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES

### (CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)

**(By Plaintiff and on Behalf of the Class Against Defendant)**

60. Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

61. Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff

purchased the product in reliance on Defendant's marketing claims as outlined herein.

62. Defendant's actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code §§ 17200, *et seq.*, in that Defendant's actions are unfair, unlawful, and fraudulent, and because Defendant has made unfair, deceptive, untrue, or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code §§ 17200, *et seq.*

63. Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading. During the Class Period, Defendant engaged in unfair, unlawful, and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by misrepresenting in its advertising and marketing of the product to Plaintiff, Class members, and the consuming public.

64. Each of the aforementioned representations alleged in this Complaint was false and misleading regarding the nature and ingredients of the product.

65. Defendant's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are misled by the claims made with respect to the product as set forth herein.

66. Defendant's business practices, as alleged herein, are unlawful because they violate the Consumers Legal Remedies Act and False Advertising Law.

67. Defendant's business practices, as alleged herein, are fraudulent because they are likely to, and did, deceive customers—including Plaintiff and members of the Class—into believing that the product has characteristics and benefits it in fact does not have.

68. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant are marketing and selling their product in a manner likely to deceive the public.

69. As a direct and proximate result of Defendant's wrongful business practices in violation of Business and Professions Code §§ 17200, *et seq.*, Plaintiff and members of the Class have suffered economic injury by losing money as a result of purchasing the product. Plaintiff and members of the

Class would not have purchased or would have paid less for the product had they known that they were not as represented.

70. Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the Complaint. Plaintiff and the Class also seek an order-requiring Defendant to make full restitution of all moneys it wrongfully obtained from Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the Class request that the Court enter an order or judgment against Defendant, and each of them, as follows:

1. For an order certifying the Class, appointing Plaintiff and Plaintiff's counsel to represent the Class, and notice to the Class to be paid by Defendant;

2. For damages suffered by Plaintiff and Class members;

3. For restitution to Plaintiff and Class members of all monies wrongfully obtained by Defendant;

4. For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5. For both pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded;

6. For Plaintiff's costs of the proceedings herein;

7. For reasonable attorneys' fees as allowed by statute; and

8. For any and all such other and further relief that this Court may deem just and proper.

Dated: October 19, 2018

APEX TRIAL LAW
A Professional Corporation

By: _____
Ryan M. Ferrell

Attorney for Plaintiff and the Class